IN THE MATTER OF: DOUGLAS A. VINSON CLAIMANT AND N. C. MUNICIPAL
    COUNCIL, INC. AND EMPLOYMENT SECURITY COMMISSION OF NORTH
    CAROLINA

No. 7810SC871

(Filed 19 June 1979)

**Master and Servant § 108— unemployment compensation—resignation because of
    criminal charges—cause not attributable to employer**

Claimant left work voluntarily without good cause attributable to his
employer and thus was not entitled to unemployment compensation benefits
where he resigned from his employment at his supervisor's suggestion because
he had been arrested on six felony charges of possession and sale of phenobar-
bital and had admitted to his supervisor that the charges were true.

APPEAL by Employment Security Commission from *Smith
(David I.), Judge.* Judgment entered 4 August 1978 in Superior
Court, WAKE County. Heard in the Court of Appeals 28 May 1979.

Vinson was an employee of the North Carolina Municipal
Council, Inc. for a period of five years. On 26 May 1977 he was
arrested at his place of employment in the presence of his super-
visor on six charges of felonious possession and sale of phenobar-
bital. Vinson admitted to his supervisor that he had illegally
possessed and sold phenobarbital. On 27 May 1977, claimant's
supervisor suggested that Vinson submit his resignation which he
forthwith did. On 14 August 1977 claimant filed a claim for
unemployment insurance benefits.

A claims deputy with the Employment Security Commission
of North Carolina held a hearing on 30 August 1977 and rendered
a decision that claimant voluntarily left his job without good
cause attributable to the employer and therefore was not entitled
to unemployment insurance benefits. Another hearing was held
before an appeals deputy on 22 September 1977. The appeals
deputy upheld the ruling of the claims deputy.

Claimant appealed the decision of the appeals deputy and a hearing was held before the Employment Security Commission of North Carolina on 21 March 1978. The ruling of the Commission further upheld the decisions of the claims deputy and the appeals deputy. From entry of the decision of the Employment Security Commission, claimant appealed to the superior court of Wake County. Upon hearing the appeal on 31 July 1978 in Wake Superior Court, Judge Smith entered judgment on 4 August 1978 reversing the decision of the Employment Security Commission. From this judgment, the Employment Security Commission appeals to this Court.

*Jernigan & Edmonson, by Leonard T. Jernigan, Jr., for claimant appellee.*

*Howard G. Doyle, by Thomas S. Whitaker, for appellant.*

MARTIN (Harry C.), Judge.

The Employment Security Commission entered findings of fact and conclusions of law denying claimant unemployment compensation because he left work voluntarily without good cause attributable to the employer. The superior court of Wake County ruled that the Employment Security Commission improperly applied the law to the facts, reversed its decision, and ordered the Commission to pay benefits to Vinson. We reverse.

The superior court concluded as a matter of law that claimant was unemployed because he left work voluntarily *with good cause attributable to his employer* (emphasis ours). The sole question for determination on this appeal is whether the findings of fact by the Employment Security Commission support this conclusion of law.

There were no exceptions to any of the findings of fact, either before the Commission or the superior court. The findings of fact are deemed to be supported by the evidence and are conclusive on appeal. *Brown v. Board of Education*, 269 N.C. 667, 153 S.E. 2d 335 (1967); *Employment Security Com. v. Jarrell*, 231 N.C. 381, 57 S.E. 2d 403 (1950); *Durland v. Peters, Comr. of Motor Vehicles*, 42 N.C. App. 25, 255 S.E. 2d 650 (1979); Gen. Stat. 96-15(i).

In interpreting the Employment Security statute, it must be given the meaning the legislature intended it to have. That intent is stated in the act itself and must be considered by the courts in construing sections of the statute which are not clear and explicit. *In re Watson*, 273 N.C. 629, 161 S.E. 2d 1 (1968). This public policy is declared in N.C.G.S. 96-2.

> § 96-2. Declaration of State public policy. — As a guide to the interpretation and application of this Chapter, the public policy of this State is declared to be as follows: Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this State. Involuntary unemployment is therefore a subject of general interest and concern which requires appropriate action by the legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard of our economic life. This can be provided by encouraging employers to provide more stable employment and by the systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment, thus maintaining purchasing power and limiting the serious social consequences of poor relief assistance. The legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this State require the enactment of this measure, under the police powers of the State, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons *unemployed through no fault of their own*. (Emphasis added.)

N.C.G.S. 96-14 sets out the following: "An individual shall be disqualified for benefits: (1) . . . if it is determined by the Commission that such individual is . . . unemployed because he left work voluntarily without good cause attributable to the employer." The claimant has the burden of proving that he is not so disqualified. *In re Steelman*, 219 N.C. 306, 13 S.E. 2d 544, 135 A.L.R. 929 (1941).

The court held that Vinson left work voluntarily and he made no exception to this finding. The court also held as a matter of law that Vinson left his work for good cause attributable to his

In re Vinson

employer, the North Carolina Municipal Council, Inc. This conclusion is not supported by the findings of fact or the evidence. The findings of fact do not disclose any acts by the employer that constituted good cause for claimant to leave his work. "Attributable to the employer" as used in the statute means "produced, caused, created or as a result of actions" by the employer. The cause or reason Vinson voluntarily resigned and left his employment was that he had been arrested on six felony charges of possession and sale of phenobarbital and that he had admitted to his supervisor the charges were true. This was solely attributable to the claimant Vinson and not to his employer. Claimant is unemployed because of his own fault, and his unemployment is not within the declared public policy of the state.

Other jurisdictions considering this question have come to the same conclusion. *See Unemployment Compensation Board of Review v. Delker*, 24 Pa. Commw. Ct. 148, 354 A. 2d 59 (1976); *Matter of Mastro (Levine)*, 52 A.D. 2d 708, 382 N.Y.S. 2d 589 (1976); *Lane v. Dept. of Employment Security*, 134 Vt. 9, 347 A. 2d 454 (1975).

The conclusion of law by the court that claimant is entitled to benefits because he voluntarily left work with good cause attributable to his employer is erroneous. The judgment of the superior court is, therefore, reversed, and this matter is remanded to the superior court with direction to enter a judgment affirming the order of the Employment Security Commission.

Reversed and remanded.

Judges PARKER and MITCHELL concur.