DEREK ROBERTS and ANN ROBERTS v. JOHNNY E. HEFFNER, SR. and WANDA C. HEFFNER

No. 8025SC955

(Filed 5 May 1981)

1. Appeal and Error § 6.2– interlocutory order affecting substantial right – right to appeal

In an action arising out of a contract between the parties whereby defendants agreed to construct a house on a piece of property owned by them

Roberts v. Heffner

and to convey the completed house and property to plaintiffs, the trial court's order dismissing defendants' counterclaims for overages, interest expenses, liquidated damages, attorneys' fees and trespass but allowing defendants to assert these counterclaims as set-offs to plaintiffs' claim was not a final judgment; however, the judgment in question affected a substantial right of defendants, their right to recover on their claims based on the contract, and the absence of an immediate appeal would work an injury to them, the possibility of being forced to undergo two full trials on the merits and to incur the expense of litigating twice, if not corrected before an appeal from a final judgment.

2. **Contracts § 6.1; Professions and Occupations § 2– unlicensed general contractors – claims under contract barred – structure built on builders' property**

The trial court's conclusions that the defendants were unlicensed general contractors who had contracted to construct a dwelling for plaintiffs for a price in excess of $30,000.00 supported its judgement that defendants were barred from affirmatively asserting their claims under the contract, and there was no merit to defendants' contention that they should not be so barred because they contracted to build the dwelling on their own property, since a builder, who is unable or unwilling to obtain a general contractor's license from the State of N.C., should not be allowed to thwart the plain intent of G.S. 87-1 by the artifice of contracting to build a residence for another on the builder's land.

APPEAL by defendant from *Grist, Judge*. Judgment entered 2 June 1980 in Superior Court, CATAWBA County. Heard in the Court of Appeals 10 April 1981.

On 6 November 1978 plaintiffs and defendants entered into a written agreement captioned "CONTRACT OF PURCHASE AND SALE" [hereinafter "the contract"] whereby the defendants agreed, for a stated consideration of $80,000.00 plus overages, to construct a house on a certain piece of real property owned by defendants and to convey the completed house and property to plaintiffs. The contract contained detailed specifications pertaining to construction of the house. During the course of the construction, various disagreements arose between the parties which culminated in this lawsuit.

Plaintiffs filed a complaint on 13 September 1979 seeking specific performance of the contract or money damages in lieu thereof, a temporary restraining order allowing plaintiffs exclusive possession of the premises and a preliminary injunction to the same effect. A temporary restraining order to that effect was issued on 13 September 1979. On 1 October 1979, a partial settlement was reached by the parties under which defendants conveyed title to the property to plaintiffs and the plaintiffs

paid defendants the contract price of $80,000.00 with the agreement that matters remaining in controversy would be litigated at a later time by the parties. On 8 November 1979, plaintiffs filed an amended complaint seeking $20,000.00 in actual damages, $50,000.00 in punitive damages and attorneys' fees for the alleged malicious prosecution of plaintiff Derek Roberts by defendants for trespassing on the property. On 9 November 1979, defendants answered plaintiffs' complaint and amended complaint and counterclaimed for breach of contract by plaintiffs. Based on the terms of the contract, defendants counterclaimed for damages for material and labor overages incurred in constructing the house, for interest expenses incurred in constructing and selling the house to plaintiffs, for liquidated damages, for attorneys' fees, for trespass prior to the conveyance of the property to plaintiffs and for defamation. On 6 December 1979 plaintiffs filed a reply to defendants' counterclaims denying most of the allegations. On 22 April 1980 plaintiffs, by leave of the trial court, amended their reply to defendants' counterclaims by adding a plea in bar as a defense. Plaintiffs asserted that defendants did not hold a general contractor's license as required by N.C. Gen. Stat. § 87-1 and that § 87-1 is a complete defense and bar to defendants' counterclaims against plaintiffs under the contract or under *quantum meruit*. On 6 May 1980, defendants replied to plaintiffs' plea in bar denying that § 87-1 applied to the transaction in question, denying that defendants were general contractors within the meaning of § 87-1 and requesting that plaintiffs' plea in bar be dismissed.

On 2 June 1980, the trial court held an evidentiary hearing on plaintiffs' plea in bar. At the hearing, as stipulated by the parties, the evidence tended to show in pertinent part that the parties entered into the contract as alleged in the complaint; that defendants supervised construction of the house; that the work done by defendants or which defendants supervised was of an amount in excess of $30,000.00; and that defendants had never been licensed to practice general contracting in the State of North Carolina in accordance with § 87-1 *et seq.* Based on the pleadings and the evidence, the trial court entered a judgment finding facts and concluding as a matter of law that defendants were unlicensed general contractors in contravention of § 87-1 and that defendants therefore were not entitled to assert any counterclaims for "overages, extras or breach of contract relat-

ing to construction of the dwelling." From the judgment and order dismissing defendants' counterclaims for overages, interest expenses, liquidated damages, attorneys' fees and trespass; but allowing defendants to assert these counterclaims as set-off to plaintiffs' claim, defendants appeal.

*Cagle and Houck by William J. Houck, for the plaintiffs-appellees.*

*Tate, Young and Morphis by Thomas C. Morphis, for the defendants-appellants.*

MARTIN (Robert M.), Judge.

First we note that under N.C. Gen. Stat. § 1A-1, Rule 7(c), "pleas" are specifically abolished; but under Rule 12(b), every defense may be raised by responsive pleading — in this case by reply to defendants' counterclaims. A defense which introduces new matter in an attempt to avoid defendant's counterclaim, regardless of the truth or falsity of the allegations in the counterclaim, is an affirmative defense. N.C. Gen. Stat. § 1A-1, Rule 8(c). Thus, plaintiffs' "plea in bar" asserting that defendants were barred from any recovery of damages for breach of contract or under the theory of *quantum meruit* or unjust enrichment was an affirmative defense to defendants' counterclaims and the trial court, at the parties' request, conducted a trial on that issue, prior to a full trial on the merits.

[1] The threshold question which we must consider, although not argued by the parties in their briefs, is whether an appeal lies from the order in question. If this is a fragmentary, and therefore premature, appeal, we must dismiss the appeal *ex mero motu. Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980).

A party has a right to appeal a judgment of a trial court under N.C. Gen. Stat. §§ 1-277 and 7A-27 if the judgment is (1) a final order, or (2) an interlocutory order affecting some substantial right claimed by the appellant which will work an injury to him if not corrected before an appeal from a final judgment. *Bailey v. Gooding, supra; Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979); *Veazey v. Durham*, 231 N.C. 357, 57 S.E. 2d 377 (1950). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Bailey v. Gooding,*

*supra* at 209, 270 S.E. 2d at 433, quoting *Veazey v. Durham,*
*supra* at 361-2, 57 S.E. 2d at 381. Clearly the judgment in ques-
tion is not a final judgment, as plaintiffs' claims for specific
performance of the contract or money damages in lieu thereof,
and for malicious prosecution and defendants' right to set-off
and their counterclaim for defamation remain to be tried.

The question remains whether the judgment in question
affects some substantial right claimed by defendants which will
work an injury to them if not corrected before an appeal from a
final judgment. *Bailey v. Gooding, supra; Industries, Inc. v.*
*Insurance Co., supra; Veazey v. Durham, supra.* The judgment
in question dismissed defendants' compulsory counterclaims,
but did not entirely bar them. The judgment stated that defend-
ants could enforce the contract defensively, as a set-off, to the
claim asserted against them by plaintiffs. The set-off, however,
cannot exceed the plaintiffs' claims. *See Furniture Mart v.*
*Burns,* 31 N.C. App. 626, 230 S.E. 2d 609 (1976). The absence of a
right of immediate appeal will force defendants to undergo a
full trial on the merits. At that trial, if the jury determines that
plaintiffs are not entitled to specific performance of the con-
tract or money damages in lieu thereof, it will not reach the
determination of whether defendants should prevail on their
claims based on the contract. If the jury determines that plain-
tiffs are entitled to recover some amount, it will be limited by
that amount in answering the question of to what amount, if
any, of set-off the defendants are entitled. Thus, it would not
reach a determination of the full amount the defendants are
entitled to recover on their counterclaims if they are not barred
from recovery by N.C. Gen. Stat. § 87-1. If defendants are cor-
rect on their legal position and prevail on appeal from the final
adjudication of this case, they would then be forced to undergo
another full trial on the merits in order to recover on their
counterclaims based on the contract.

In our opinion, the possibility of being forced to undergo
two full trials on the merits and to incur the expense of litigat-
ing twice makes it clear that the judgment in question works an
injury to defendants if not corrected before an appeal from a
final judgment. The burden on defendants in this case of being
forced to undergo two full trials is much greater than that
suffered by the appellant in *Waters v. Personnel, Inc.,* 294 N.C.
200, 240 S.E. 2d 338 (1978) (the necessity of rehearing its sum-

mary judgment motion), or by the appellant in *Bailey v. Good-
ing, supra* (the necessity of undergoing a full trial on the merits
instead of a trial solely on the issue of damages) or by the
appellant in *Industries, Inc. v. Insurance Co., supra* (the ne-
cessity of undergoing a trial on the issue of damages). We con-
clude that the judgment in question affects a substantial right
of the defendants, their right to recover on their claims based
on the contract, and that the absence of an immediate appeal
will work an injury to them if not corrected before an appeal
from a final judgment. This appeal, therefore, is not premature.

[2] Having passed on the threshold question, we now consider
the appeal on its merits. Defendants make two arguments on
appeal: first, that the provisions of § 87-1 do not apply to a
landowner who contracts to construct a dwelling on his own
property and to subsequently convey that property with the
completed dwelling thereon and second, that § 87-1 is unconsti-
tutional as applied to defendants as a violation of Article I,
Section 10, of the United States Constitution.

Defendants did not make any exceptions to the findings of
fact or conclusions of law made by the court in its judgment.
Their sole exception in the record is to their entry of appeal. The
scope of review on appeal, therefore, is limited to whether the
judgment in question is supported by the court's findings of fact
and conclusions of law. Rule 10(a), N.C. Rules App. Proc. Due to
the defendants' failure to except to any findings of fact, the trial
court's findings are deemed to be supported by substantial
competent evidence and are conclusive upon appeal. *Grimes v.
Sea & Sky Corp.*, 50 N.C. App. 654, 274 S.E. 2d 877 (1981); *In re
Vinson*, 42 N.C. App. 28, 255 S.E. 2d 644 (1979).

The courts of this State have held that an unlicensed per-
son who, in disregard of § 87-1, contracts with another to con-
struct a building for the cost of $30,000.00 or more, may not
affirmatively enforce the contract or recover for his services
and materials supplied under the theory of *quantum meruit* or
unjust enrichment. *Helms v. Dawkins*, 32 N.C. App. 453, 232 S.E.
2d 710 (1977); *see, Builders Supply v. Midyette*, 274 N.C. 264, 162
S.E. 2d 507 (1968). However, the unlicensed general contractor
may enforce his contract defensively, as a set-off, to claims
asserted against him. *Id.* N.C. Gen. Stat. § 87-1 provides, in
pertinent part:

For the purpose of this Article, a "general contractor" is defined as one who for a fixed price, commission, fee or wage, undertakes to bid upon or to construct any building ... where the cost of the undertaking is thirty thousand dollars ($30,000) or more. ...

The contract price is the cost of the undertaking. *Furniture Mart v. Burns,* 31 N.C. App. 626, 230 S.E. 2d 609 (1976); *Fulton v. Rice,* 12 N.C. App. 669, 184 S.E. 2d 421 (1971). Although the contract between the parties in the present case stated that $80,000.00 plus overages was the total consideration for the purchase of the land and the completed residence, the trial court found as fact that the defendants had contracted to construct a dwelling for plaintiffs for a cost of $80,000.00. As previously stated, we are bound by this finding on appeal due to the defendants' failure to except to the court's findings of fact. *Grimes v. Sea & Sky Corp., supra; In re Vinson, supra.* This finding supports the trial court's conclusion that the defendants contracted to construct a dwelling for plaintiffs for a price in excess of $30,000.00.

As stated in *Helms v. Dawkins, supra* at 456, 232 S.E. 2d at 712, "[n]ot every person who undertakes to do construction work on a building is a general contractor, even though the cost of his undertaking exceeds $30,000. (citation omitted.)" The principal characteristic of a general contractor, as opposed to a subcontractor or mere employee, is the degree of control to be exercised by the contractor over the construction of the entire project. *Id.* In the present case, the trial court found as fact that the defendants had no contractors' license in accordance with § 87-1 *et seq;* that they had contracted "to construct a residence for the plaintiffs"; and that the defendants "hired subcontractors, obtained construction loans, obtained building permits, paid subcontractors and generally supervised construction of the house." These findings, which are deemed to be conclusive on appeal, *Grimes v. Sea & Sky Corp., supra; In re Vinson, supra,* fully support the court's conclusion that the defendants were acting as unlicensed general contractors.

The court's conclusions that the defendants were unlicensed general contractors who had contracted to construct a dwelling for a price in excess of $30,000.00 support its judgment that defendants are barred from affirmatively asserting their

Roberts v. Heffner

claims under the contract. *Helms v. Dawkins, supra.* The defendants' argument that they should not be so barred because they contracted to build the dwelling on their own property is not persuasive. Although we have been unable to find any case applying the § 87-1 prohibition to a builder who constructed a building on his own land, in our opinion, ownership of the land has nothing to do with the purpose of the prohibition. The purpose of § 87-1 is to regulate builders and "to protect the public from incompetent builders by forbidding them to maintain an action on their contracts, thereby discouraging them from undertaking projects beyond their capabilities. *Builders Supply v. Midyette,* 274 N.C. 264, 162 S.E. 2d 507 (1968)." *Furniture Mart v. Burns, supra* at 633, 230 S.E. 2d at 613. A builder, who is unable or unwilling to obtain a general contractor's license from the State of North Carolina, should not be allowed to thwart the plain intent of § 87-1 by the artifice of contracting to build a residence for another on the builder's land. This is not tantamount to holding, as defendants suggest, that any person is prevented by § 87-1 from building anything on his own property and *subsequently* undertaking to sell what he has built. As the language of the statute suggests, the § 87-1 prohibition applies only to a builder who contracts with another to construct any building without obtaining the requisite license, regardless of who owns the land upon which the building is to be constructed.

We do not reach defendants' constitutional argument for two reasons: (1) the exception on which it is purportedly based is an exception to their entry of notice of appeal and (2) the record discloses that defendant failed to raise it at the trial court level. This Court will not pass upon a constitutional question not raised and considered in the court from which the appeal was taken. *Brice v. Moore,* 30 N.C. App. 365, 226 S.E. 2d 882 (1976).

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Judges WHICHARD and BECTON concur.