### Gregory Vennell v. Department of Employment Security

[449 A.2d 899]

No. 416-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 8, 1982

*Ernest P. Sachs* and *Karen McLaughlin,* Law Clerk (On the Brief), Norwich, for Plaintiff-Appellant.

*Matthew R. Gould,* Montpelier, for Defendant-Appellee.

**Barney, C.J.** This is an appeal from a denial of unemployment benefits pursuant to 21 V.S.A. § 1344(a)(2)(A), leaving the last employing unit voluntarily without good cause

attributable to that employing unit. We affirm the decision of the Employment Security Board.

The claimant was a science teacher at Orford (New Hampshire) High School.[1] During the 1980–81 school year he was convicted of possession of marijuana. He was suspended from his teaching duties and encouraged by the school superintendent to resign, which he did in order to protect his personnel record from an entry of "dismissal for a morals charge" which would have been recorded if dismissal eventually occurred. The claimant chose to resign after both the superintendent and his union representative advised him that such a dismissal would be a near certain result of continued disciplinary proceedings.

The issue on appeal is whether a resignation encouraged by an employer under these circumstances amounts to a leaving that is voluntary and without good cause attributable to the employer.

Although unemployment compensation laws are remedial in nature, and thus are to be liberally construed, the purposes underlying them are to remove economic disabilities resulting from involuntary unemployment, and to assist workers who become jobless through no fault of their own. *Davis v. Department of Employment Security*, 140 Vt. 269, 273, 438 A.2d 375, 378 (1981).

It cannot be said of this claimant that he became unemployed through no fault of his own. While we recognize that, given certain facts, a resignation under a quit-or-be-fired offer may be involuntary, *Thomas v. District Court of Columbia Department of Labor*, 409 A.2d 164 (D.C. 1979), this is not such a case. The claimant resigned because he had been convicted of possession of marijuana. This was solely attributable to his own conduct, and compensation for his unemployment is not within the declared public policy of the state. Cf. *In re Vinson*, 42 N.C. Ct. App. 28, 31, 255 S.E.2d 644, 646 (1979).

*Judgment affirmed.*

---

[1] See 21 V.S.A. § 1318 on reciprocal benefit arrangements between the states.