BUXTON HARRELL v. CHARLES CLARKE AND SYMERA CLARKE

No. 846SC226

(Filed 5 February 1985)

### Contracts § 6.1— plaintiff as unlicensed contractor—sufficiency of evidence

In an action to recover for breach of contract the trial court properly granted summary judgment for defendants on the ground that plaintiff was an unlicensed contractor in violation of G.S. 87-1 and therefore not entitled to any recovery where the evidence tended to show that defendants accepted a second set of house plans over a first set and chose some colors to be used in the house but did not exercise any great degree of control over plaintiff, and plaintiff was free to hire any persons he deemed suitable, to use his credit to purchase the materials, to purchase the materials at places of his choice, and to install the requisite materials as he saw best or as the persons he hired saw best.

APPEAL by plaintiff from *Brown, Judge.* Order entered 6 December 1983 in Superior Court, HERTFORD County. Heard in the Court of Appeals 14 November 1984.

Plaintiff filed this civil action on 4 June 1982 alleging breach of contract and damages upon an agreement and contract between plaintiff and defendants. Defendants filed an answer denying the material allegations of the complaint and filed a counterclaim alleging breach of contract by plaintiff. Plaintiff then filed a reply denying the material allegations of the counterclaim.

On 28 February 1983, defendants moved for summary judgment as to the plaintiff's claim upon the grounds plaintiff was an unlicensed contractor in violation of G.S. 87-1. The motion was denied on 2 May 1983. The case was tried before a jury on 5 December 1983 and after plaintiff presented his evidence and rested his case, defendants moved for a directed verdict. The trial court granted defendants' motion on 6 December 1983 and dismissed plaintiff's claim with prejudice. From the granting of the directed verdict, plaintiff appeals.

*Law Firm of Carter W. Jones, by Carter W. Jones, Kevin M. Leahy and Charles A. Moore, for plaintiff appellant.*

*Slade and Vick, by Charles Slade, Jr. and Jerry Vick, Jr., for defendant appellees.*

Harrell v. Clarke

JOHNSON, Judge.

Plaintiff contends the trial court committed prejudicial error in granting defendants' motion for directed verdict.

A motion for a directed verdict under Rule 50(a) presents substantially the same question as formerly presented by motion for judgment of nonsuit. In passing upon motion at the close of plaintiffs' evidence in a jury case, as here, the evidence must be taken as true, considered in the light most favorable to plaintiffs and may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiffs. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). It is well settled in North Carolina that a general contractor within the meaning of G.S. 87-1 who has no license may not recover for the owner's breach of the contract, or for the value of the work and services furnished or materials supplied under the contract on the theory of unjust enrichment. *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968). Plaintiff asserts that he was merely acting in a supervisory role during the construction of defendants' home and was not acting in the role of a general contractor. Defendants assert that plaintiff was a general contractor, therefore he cannot recover in this action and the trial court's granting of the motion was proper. If the plaintiff was acting as the general contractor during the construction of defendants' home, he cannot recover and we must affirm the trial court. Therefore, the issue becomes whether, from the evidence presented, plaintiff can be classified as a general contractor.

G.S. 87-1 in pertinent part provides:

For purpose of this Article, a "general contractor" is defined as one who for a fixed price, commission, fee or wage, undertakes to bid upon or to construct any building . . . where the cost of the undertaking is thirty thousand dollars ($30,000) or more. . . .

The principal characteristic of a general contractor, as opposed to a subcontractor or mere employee, is the degree of control to be exercised by the contractor over the construction of the entire project. *Roberts v. Heffner*, 51 N.C. App. 646, 277 S.E. 2d 446 (1981). Plaintiff, from the evidence presented at trial, passed the threshold that distinguishes a mere employee doing supervisory

work from a general contractor. Plaintiff exercised the requisite degree of control to be classified as a general contractor by the trial court.

The evidence shows that plaintiff and defendants met at plaintiff's home and reached an agreement concerning the construction of defendants' home. At plaintiff's suggestion, a bank account was opened in the joint names of plaintiff and Mrs. Lillian McCallum, defendant Charles Clarke's sister. For a check to be issued on this account, it had to be signed by both persons. After a first set of construction plans were rejected, a second larger set of construction plans were drawn up and agreed upon by all parties. Defendants, after reaching an agreement with plaintiff, returned to the State of New Jersey where they resided, with defendant Mrs. Clarke returning to make various decisions as to style. Plaintiff was to arrange to have the necessary subcontractors and material suppliers available. In fact, plaintiff testified he hired (1) Mr. Lassiter to do the carpentry work; (2) Mr. Farmer to do the masonry work; (3) Mr. Askew to put the shingles on the roof; (4) Mr. Early of White and Woodley to do the plumbing, wiring and heating; and (5) Furniture Galleries to put in the carpet. Plaintiff testified further that, "They didn't know anything about the sub—White & Woodley or Mr. Farmer, didn't know nothing about nobody. They left it up to me." There was testimony that defendant Mrs. Clarke picked out the colors for the bathroom fixtures and the roof. Plaintiff actually picked the bathroom fixtures and the roof.

We find that from these facts, the trial court was correct in classifying plaintiff as the general contractor. The few decisions defendants made as to accepting the second set of plans over the first set and the colors to be employed were not enough to conclude they exercised any great degree of control over the plaintiff. Plaintiff was free to hire any persons he deemed suitable; to use his credit to purchase the materials; to purchase the materials at places of his choice; and to install the requisite materials as he saw best or as the persons he hired saw best.

The trial court, from this evidence, was correct in concluding plaintiff was a general contractor. Plaintiff has admitted that he is not a licensed general contractor. Applying the law to these facts, the evidence, as a matter of law, was insufficient to justify a verdict for plaintiff.

Plaintiff contends that if his claim is dismissed, it will effectuate harsh results. Our Supreme Court in *Brady v. Fulghum*, 309 N.C. 580, 308 S.E. 2d 327 (1983) addressed this very same point. The Court stated, "[i]f, by virtue of these rules, harsh results fall upon unlicensed contractors who violate our statutes, the contractors themselves bear both the responsibility and the blame." *Id.* at 586, 308 S.E. 2d at 332.

The decision of the trial court is

Affirmed.

Judges WHICHARD and PHILLIPS concur.