RANDALL J. WILLIAMS, EMPLOYEE, PLAINTIFF V. PEE DEE ELECTRIC MEMBERSHIP CORPORATION, EMPLOYER, AND CRAWFORD & COMPANY, CARRIER, DEFENDANTS

No. COA97-351

(Filed 21 July 1998)

### 1. Workers' Compensation— constructive refusal—not an affirmative defense

Although plaintiff in a workers' compensation action contended that constructive refusal of employment is an affirmative defense which defendants failed to raise adequately, the constructive refusal defense is not an affirmative defense because it does not raise a new matter. It denies that the employee suffers from a disability, an issue which is raised when the employee files a claim.

### 2. Workers' Compensation— temporary total disability— indecent exposure conviction—findings

The Industrial Commission opinion and award in a workers' compensation action contained insufficient findings of fact and inaccurate conclusions of law where plaintiff was injured in the course of his employment, convicted in district court of indecent exposure and appealed to superior court, the district attorney dismissed the case, plaintiff was fired because of the conviction, defendants denied any further temporary total disability, and the Industrial Commission awarded plaintiff temporary total disability benefits. A conviction is not itself misconduct; it is at best evidence of misconduct and the Industrial Commission, on remand, must consider all of the competent evidence and make a specific finding as to whether plaintiff engaged in misconduct for which a nondisabled employee would ordinarily have been discharged.

**3. Workers' Compensation— temporary disability—employee's misconduct**

There is no requirement that an employee's misconduct on which constructive refusal is based occur during working hours or at the workplace and no requirement that the misconduct constitute a crime; the misconduct need only be such that a nondisabled employee would ordinarily have been discharged for it. The Industrial Commission must specifically find that the employee was discharged for conduct for which a nondisabled employee would ordinarily have been terminated; a finding that the employee was discharged for misconduct pursuant to company policy is not sufficient to support a conclusion that the employee has constructively refused employment.

Appeal by defendants from opinion and award entered 10 December 1996 by the North Carolina Industrial Commission. Heard in the Court of Appeals 19 November 1997.

*Perry, Bundy, Plyler & Long, L.L.P., by H. Ligon Bundy, for plaintiff-appellee.*

*Golding, Meekins, Holden, Cosper & Stiles, L.L.P., by Lawrence M. Baker, for defendants-appellants.*

LEWIS, Judge.

On 23 August 1993, plaintiff sustained an injury by accident while working as a lineman for defendant Pee Dee Electrical Membership Corporation ("Pee Dee"). The injury arose out of and in the course of his employment with Pee Dee. Between 23 August and 15 November 1993, plaintiff was unable to work in any capacity but continued to receive his regular wages pursuant to company policy.

On 15 November 1993, plaintiff resumed working for Pee Dee in a light-duty position that conformed with his work restrictions. On 12 January 1994, plaintiff was convicted of indecent exposure in district court. Two days later he was fired because of his conviction. He was never rehired and defendants refused to pay any further workers' compensation. Plaintiff appealed his conviction to the superior court and his case was dismissed by the district attorney on 21 March 1994.

On 27 July 1994, plaintiff filed a Form 33, "Request That Claim Be Assigned for Hearing," with the North Carolina Industrial Commission. On 13 October 1994, defendants filed a Form 33R,

"Response to Request That Claim Be Assigned for Hearing." *See* N.C.I.C. Workers' Comp. Rule 603. In the Form 33R, defendants made the following statement:

> In response to the request for hearing filed we have been unable to agree to the benefits claimed because <u>plaintiff is not entitled to any further temporary total disability as his inability to work is unrelated to his injury by accident and was caused by an arrest for indecent exposure.</u>

The beginning of this statement was preprinted on the Form 33R; the underlined information was provided by defendants.

A deputy commissioner heard the case on 2 March 1995 and filed his opinion and award on 23 January 1996. He concluded that although plaintiff was entitled to compensation for permanent partial disability, plaintiff was not entitled to any temporary total disability benefits after 14 January 1994. The deputy commissioner reasoned that plaintiff had "constructively refused to accept suitable employment" by engaging in the conduct that led to his conviction and ultimately to his discharge from work.

On appeal, the Full Commission reversed the deputy commissioner and awarded plaintiff temporary total disability benefits from 14 January 1994 and continuing. The issue of permanent partial disability was held open for determination at a later date. The Full Commission believed that plaintiff had not constructively refused employment. Defendants appeal.

We note that plaintiff died on 2 July 1997. On 30 March 1998, the administrators for plaintiff's estate, Colon R. Williams, Jr. and Betty Williams, were substituted for the deceased plaintiff as parties to this appeal. *See* N.C.R. App. P. 38.

Defendants base their constructive refusal defense on General Statute section 97-32 and on this Court's opinion in *Seagraves v. Austin Co. of Greensboro*, 123 N.C. App. 228, 472 S.E.2d 397 (1996). Section 97-32 provides,

> If an injured employee refuses employment procured for him suitable to his capacity he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified.

N.C. Gen. Stat. § 97-32 (1991). The *Seagraves* Court held that just as an employee who actually refuses suitable employment is barred from receiving benefits by G.S. 97-32, so too is an employee who constructively refuses employment. *Id.* at 233-34, 472 S.E.2d at 401. Defendants argue that plaintiff constructively refused employment by engaging in the misconduct that led to his criminal conviction and ultimately to his dismissal from work.

To establish that an employee has constructively refused employment, the employer must show that

> the employee was terminated for misconduct or fault, unrelated to the compensable injury, for which a nondisabled employee would ordinarily have been terminated. If the employer makes such a showing, the employee's misconduct will be deemed to constitute a constructive refusal to perform the work provided and consequent forfeiture of benefits or lost earnings, unless the employee is then able to show that his or her inability to find or hold other employment of any kind, or other employment at a wage comparable to that earned prior to the injury, is due to the work-related disability.

*Id.* at 234, 472 S.E.2d at 401.

An employer who argues that a plaintiff has constructively refused employment is arguing that the employee no longer suffers from a disability. Our Workers' Compensation Act defines disability as "incapacity *because of injury* to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (Cum. Supp. 1997) (emphasis added). The constructive refusal defense is an argument that the employee's inability to earn wages at pre-injury levels is no longer caused by his injury; rather, the employer argues, the employee's misconduct is responsible for his inability to earn wages at pre-injury levels. Because it is the employer who seeks to discontinue disability payments on this basis, the employer has the initial burden of showing that the employee actually engaged in the misconduct.

[1] Before reaching the merits of this case, we must address a procedural argument raised by plaintiff. Plaintiff contends that the defense of constructive refusal is an affirmative defense which defendants failed to raise in their Form 33R with adequate specificity. An affirmative defense is a defense that introduces a new matter in

an attempt to avoid a claim, regardless of whether the allegations of the claim are true. *Roberts v. Heffner,* 51 N.C. App. 646, 649, 277 S.E.2d 446, 448 (1981). The constructive refusal defense is not an affirmative defense because it does not raise a new matter in an effort to avoid liability. Rather, it denies that the employee suffers from a disability. The issue of whether a disability exists is, of course, raised when the employee files a claim for benefits.

[2] The parties to this case do not dispute that plaintiff was convicted of indecent exposure on 12 January 1994. In addition, neither party has assigned error to the Full Commission's finding (No. 8) that the reason plaintiff was fired on 14 January 1994 was because he was convicted of indecent exposure. It is also undisputed that plaintiff appealed his conviction at some time prior to the disposition of this case. Once plaintiff appealed his district court conviction to superior court, the conviction was annulled for purposes of the superior court trial de novo. *State v. Sparrow,* 276 N.C. 499, 507, 173 S.E.2d 897, 902 (1970). (Of course, had plaintiff withdrawn his appeal, the district court conviction and sentence would again be valid. *See* N.C. Gen. Stat. § 15A-1431(g) (1997).) Finally, it is undisputed that after plaintiff appealed his conviction, the district attorney dismissed the charges against him.

Plaintiff's district court conviction for indecent exposure is, at best, evidence that plaintiff indecently exposed himself. A conviction is not itself misconduct; it is, at best, evidence of misconduct. On remand, the Commission must reconsider all of the competent evidence and make a specific finding as to whether plaintiff engaged in misconduct for which a nondisabled employee would ordinarily have been discharged.

[3] It is apparent from the opinion and award of the Commission that some other misconceptions need to be corrected. First, there is no requirement that the employee's misconduct occur during working hours or at the workplace. Second, there is no requirement that the misconduct constitute a crime. The misconduct need only be such that a nondisabled employee would ordinarily have been discharged for it. Third, a finding that the employee was discharged for misconduct "pursuant to company policy" is not sufficient to support a conclusion that the employee has constructively refused employment. The Commission must specifically find that the employee was discharged for misconduct for which a nondisabled employee would ordinarily have been terminated.

On remand, if the Commission finds that defendants have fulfilled their burden, the burden shifts to plaintiff to re-establish that he suffers from a disability. Plaintiff may discharge this burden by showing that he cannot, because of injury, find and hold a suitable job with another employer that enables him to earn wages at pre-injury levels. *Seagraves*, 123 N.C. App. at 234, 472 S.E.2d at 401; *Brown v. S & N Communications, Inc.*, 124 N.C. App. 320, 331, 477 S.E.2d 197, 203 (1996).

In sum, the opinion and award of the Industrial Commission contains insufficient findings of fact and inaccurate conclusions of law. It is therefore reversed. This case is remanded for reconsideration in light of this opinion. The Commission may, of course, take such further evidence as may be necessary to make the findings and conclusions required by law.

Plaintiff's motion for attorney fees is denied.

Reversed and remanded.

Judges WALKER and TIMMONS-GOODSON concur.