KELLY H. HELMS v. KOY E. DAWKINS, AND WIFE, BETTY T. DAWKINS

No. 7620SC756

(Filed 2 March 1977)

1. **Contracts § 6— contract in excess of contractor's license — owner's breach of contract — no recovery by contractor**

A general contractor within the meaning of G.S. 87-1 who has no license or who constructs a project the value of which exceeds the amount of his license may not recover for the owner's breach of the contract, or for the value of the work and services furnished or materials supplied under the contract on the theory of unjust enrichment; however, the general contractor may assert any claim he has against the owner for breach of the contract defensively as a set-off to any claim asserted against him by the owner for any breach of the contract by the owner.

2. **Contracts § 6— general contractor — distinguishing characteristic**

The principal characteristic distinguishing a general contractor from a subcontractor or other party contracting with the owner with respect to a portion of the project, or a mere employee, is the degree of control to be exercised by the contractor over the construction of the entire project.

3. **Contracts § 6— contract in excess of contractor's license — summary judgment — genuine issues as to whether plaintiff was general contractor**

In an action by plaintiff to recover from defendants a commission of 10% of the total construction cost of defendants' home, the trial court erred in granting summary judgment for defendants, since the parties' written contract was ambiguous, and the evidence offered

in support of and in opposition to defendants' motion for summary judgment failed to clarify the ambiguity and establish as a fact that plaintiff was a general contractor within the meaning of G.S. 87-1.

APPEAL by plaintiff from *Gavin, Judge.* Judgment entered 3 August 1976 in Superior Court, UNION County. Heard in Court of Appeals 17 February 1977.

This is a civil action wherein the plaintiff, Kelly H. Helms, seeks to recover from the defendants, Koy E. and Betty T. Dawkins, $8,762.26, a commission of ten per cent of the total construction cost of defendants' home, and $1,028.52 "for sums paid to painters by plaintiff on behalf of the defendants." Defendants filed answer and alleged, among other things, in bar of plaintiff's claims that the plaintiff, a general contractor, had contracted to construct defendants' home where the total value of the project exceeded the limits of plaintiff's contractor's license in violation of G.S. 87-10. Defendants also filed a counterclaim against plaintiff for $23,918.20 for plaintiff's alleged breach of the contract for the construction of defendants' home.

Defendants moved for summary judgment as to plaintiff's total claim. The following facts are established by the pleadings, interrogatories, admissions and affidavits offered in support of and in opposition to defendants' motion for summary judgment:

The contract between the parties is set out in the following letter dated 30 October 1972:

"Dear Mr. Helms,

I told you sometime ago that I would write you a letter confirming our verbal contract for the building of our home.

Our understanding is that you will supervise the construction and provide all necessary labor for the building of our house in accordance with the plans prepared by Mrs. Lee but subject to our modifications from time to time with your consent. Your compensation will be payment of 10% of the cost of labor and materials required for construction including sales taxes applicable but excluding insurance, payroll taxes, licenses or fees. We have agreed that we will work together to save money on any purchase and any discounts shall accrue to our benefit. I will carry the necessary builder's risk insurance and pay for the

building permit and you will carry any necessary workmen's compensation or other insurance necessary on your employees.

If you agree that the above is proper, please sign the enclosed copy and return it to me.

I want to say again how delighted Betty and I are to have you help us.

Yours most sincerely,

Koy E. Dawkins

Enclosure

Mr. Kelly Helms
Concord Road
Monroe, N. C. 28110

I confirm that the foregoing is our agreement.

's/ KELLY HELMS"

Plaintiff's contractor's license limited him to projects having a value of $75,000 or less and the total value of defendants' home upon completion was in excess of $75,000.

From summary judgment for defendants as to plaintiff's total claim, plaintiff appealed.

*Thomas D. Windsor for plaintiff appellant.*

*James E. Griffin for defendant appellees.*

HEDRICK, Judge.

Plaintiff assigns as error summary judgment entered for defendants.

[1]   It is well settled in North Carolina that a general contractor within the meaning of G.S. 87-1 who has no license or who constructs a project the value of which exceeds the amount of his license may not recover for the owner's breach of the contract, or for the value of the work and services furnished or materials supplied under the contract on the theory of unjust enrichment. *Builders Supply v. Midyette,* 274 N.C. 264, 162 S.E. 2d 507 (1968) ; *Furniture Mart v. Burns,* 31 N.C. App. 626, 230 S.E. 2d 609 (1976) ; *Construction Co. v. Anderson,* 5

N.C. App. 12, 168 S.E. 2d 18 (1969). However, the general contractor may assert any claim he has against the owner for breach of the contract defensively as a set-off to any claim asserted against him by the owner for any breach of the contract by the owner. *Builders Supply v. Midyette, supra.*

G.S. 87-1 in pertinent part provides,

"For the purpose of this Article, a 'general contractor' is defined as one who for a fixed price, commission, fee or wage, undertakes to bid upon or to construct any building . . . where the cost of the undertaking is thirty thousand dollars or more . . . . "

Citing *Fulton v. Rice,* 12 N.C. App. 669, 184 S.E. 2d 421 (1971), plaintiff insists he was not a general contractor within the meaning of G.S. 87-1 because the cost of his "undertaking" was not equal to or in excess of $30,000 but was the amount of his commission, $8,762.26. In our opinion, the cited case does not support this contention. The record here clearly establishes that the cost of the undertaking to construct defendants' home was in excess of $30,000. It does not necessarily follow, however, that the plaintiff in the present case was a general contractor within the meaning of G.S. 87-1. Not every person who undertakes to do construction work on a building is a general contractor, even though the cost of his undertaking exceeds $30,000. *Furniture Mart v. Burns, supra.*

[2]   A general contractor is one who contracts "to construct any building, highway, public utilities, grading or any improvements or structure" for a "fixed price, commission, fee or wage." G.S. 87-1. While several factors must be taken into consideration in determining whether a party is a general contractor within the meaning of the contractors' licensing statutes, the principal characteristic distinguishing a general contractor from a subcontractor or other party contracting with the owner with respect to a portion of the project, *Vogel v. Supply Co.,* 277 N.C. 119, 177 S.E. 2d 273 (1970), or a mere employee, *Furniture Mart v. Burns, supra,* is the degree of control to be exercised by the contractor over the construction of the entire project. Ordinarily the degree of control a contractor has over the construction of a particular project is to be determined from the terms of the contract. Where the terms of the contract are ambiguous as to the degree of control to be exercised by the con-

tractor, the intention of the parties with respect thereto is to be determined as in any other case.

[3]   In the present case, the written contract is ambiguous as to the degree of control plaintiff was to exercise in supervising the construction of defendants' home in accordance with the plans prepared by Mrs. Lee. Furthermore, the evidence offered in support of and in opposition to defendants' motion for summary judgment fails to clarify this ambiguity and establish as a fact that the plaintiff was a general contractor within the meaning of G.S. 87-1. .

Thus, under the circumstances of this case, summary judgment for defendants was inappropriate, and the judgment appealed from is reversed and the cause remanded to the Superior Court for further proceedings.

Reversed and remanded.

Judges BRITT and CLARK concur.