Key v. Floyd

REECE KEY v. HOWARD W. FLOYD, JR., AND WIFE, RITA W. FLOYD

No. 8121SC417

(Filed 19 January 1982)

**Contracts § 6.1— unlicensed contractor—summary judgment for property owners proper**

    In an action by plaintiff to recover the balance allegedly due on an oral construction contract, summary judgment for defendant property owners was proper where defendants' pleadings and affidavits indicated that plaintiff represented himself to be a general contractor and that the contract between the parties was for an amount in excess of the amount needed to trigger application of G.S. 87-1 and where plaintiff failed to set forth specific facts in support of his assertion that he had not acted as a general contractor.

APPEAL by plaintiff from *Seay, Judge.* Judgment entered 27 January 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 9 December 1981.

Plaintiff brought this action to recover the balance allegedly due on an oral construction contract. Plaintiff's complaint alleged that he entered into a contract with defendants to furnish all labor and building materials for construction of a residential dwelling on a cost plus 10% basis. He further alleged that he had fulfilled his obligations under the contract at a cost of $53,795.21, and that defendants had paid him only $32,512.19. Plaintiff sued for the difference between these amounts, plus his 10% commission, for a total of $26,662.54. He also sought interest and a lien and execution on defendants' property.

Defendants filed an answer and counterclaim, denying that they owed any amount to plaintiff in that plaintiff had represented that he was a general contractor when in fact he was not. Defendants also claimed that recovery was barred by the Statute of Frauds and by cases construing G.S. 87-1 which requires licensure of any general contractor who undertakes to build a structure for $30,000 or more. Defendants further alleged that plaintiff failed to complete the construction of their house in a good and workmanlike manner. Defendants sought damages for plaintiff's alleged breach and treble damages for plaintiff's alleged unfair and deceptive trade practices.

Plaintiff, in his reply, claimed he had not represented himself to defendants as a general contractor, but had only agreed to

assist defendants, as builder, in the construction of their house. He alleged that defendants had retained control in selecting materials and had thus controlled the ultimate cost of construction.

Defendants' motion for summary judgment was granted by the trial court on grounds that no issue of material fact had been raised by the pleadings and affidavits as to plaintiff's claim. Plaintiff appeals.

*Hiatt and Hiatt, by V. Talmage Hiatt, for plaintiff appellant.*

*Badgett, Calaway, Phillips, Davis, Stephens, Peed and Brown, by B. Ervin Brown, II, for defendant appellees.*

ARNOLD, Judge.

Plaintiff grounds his appeal on the trial court's alleged error in granting summary judgment for defendants in that a genuine issue of material fact exists as to whether plaintiff was a general contractor. Plaintiff's pleadings and affidavit indicate that he told defendants he was not a general contractor and that he undertook to build defendants' home under their supervision and control. Plaintiff cites *Helms v. Dawkins*, 32 N.C. App. 453, 232 S.E. 2d 710 (1977), for the rule that the degree of control to be exercised by the contractor over the construction determines whether he is, in fact, a general contractor subject to the requirements of G.S. 87-1.

Defendants' pleadings and affidavits indicate that plaintiff represented himself to be a general contractor, both to defendants and to their lending institution, and that the contract between the parties was for an estimated $45,000, well in excess of the amount needed to trigger application of G.S. 87-1. Defendants cite this Court's opinion in *Revis v. King*, 49 N.C. App. 168, 270 S.E. 2d 580 (1980), wherein it was held that violation of G.S. 87-1 precluded recovery by an unlicensed contractor on either the contract itself or *quantum meruit* grounds.

We agree with plaintiff that the burden of sustaining a summary judgment is a heavy one. We note, however, that in the present case defendant's motion found support in plaintiff's own complaint which included assertions of fact amounting to an admission that he had performed as a general contractor, *e.g.*:

3. . . .in accordance with the terms of their oral contract the plaintiff was to furnish all labor and building materials used in the construction of said dwelling for cost plus 10%. . . .

4. . . . plaintiff has contracted for and furnished all of the building materials and fixtures and has furnished all the hired and sub-contract labor for the completion of the defendant's single family dwelling. . . .

In determining that there exists no material issue of triable fact, the court must accept as true all facts asserted by the party opposing the motion for summary judgment. *Norfolk and Western Railway Co. v. Werner Industries*, 286 N.C. 89, 209 S.E. 2d 734 (1974). It is also the established rule that where a motion for summary judgment has been made and supported, the "adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth *specific facts* showing that there is a genuine issue for trial." N.C.R.C.P. 56(e) (Emphasis added.)

While plaintiff made an assertion in his reply to defendant's counterclaim that he had not acted as a general contractor, he failed to set forth specific facts in support of that assertion. Those facts specified in plaintiff's affidavit, relating to selection of materials, fixtures, wall and floor coverings, etc. by defendants, do not support plaintiff's claim that defendants were in control of the construction. Property owners' preferences as to such incidentals are undoubtedly respected by most residential building contractors.

We find that plaintiff has failed to set forth specific facts showing the existence of a genuine issue for trial. We conclude, therefore, that summary judgment for defendants should be

Affirmed.

Judges MARTIN (Harry C.) and WELLS concur.