Brock v. Day

————————

ROBERT LEE BROCK AND WIFE, ETHEL B. BROCK v. BILL DAY AND WIFE, DORIS DAY

No. 8229SC165

(Filed 4 January 1983)

Contracts § 6.1— action on note—unlicensed contractor—counterclaim on construction contract not permitted

An unlicensed building contractor may not maintain a counterclaim arising out of a construction contract in the owner's action against the contractor and his wife to recover the balance due on a promissory note which does not relate to the construction contract between the owner and the contractor.

APPEAL by defendants from *Howell, Judge.* Judgment entered 31 July 1981 in Superior Court, HENDERSON County. Heard in Court of Appeals 8 December 1982.

Plaintiffs instituted this action to recover the balance due on a promissory note allegedly executed and delivered to them by defendants. The defendants filed answer denying the material allegations of the complaint, and defendant Bill Day alleged a counterclaim against the plaintiffs to recover $35,000 allegedly due them by plaintiffs on a contract regarding the construction of a building. Plaintiffs filed a response to the counterclaim denying that they owed the defendants anything.

Plaintiffs moved for summary judgment as to their claim on the note, and as to defendant Bill Day's counterclaim regarding the contract for the construction of the building. In support of their motion for summary judgment as to the counterclaim, the plaintiffs offered evidence that they contracted with the defendant, Bill Day, to build for them a building on their property for

$169,000. The plaintiffs also offered evidence that the defendant was not a licensed contractor.

The trial court entered summary judgment for plaintiffs in the amount of $17,779.84 with respect to their claim against the defendants on the note, and summary judgment for plaintiffs dismissing the defendant's counterclaim. Defendants appealed.

*D. Samuel Neill for the plaintiffs, appellees.*

*James H. Toms for the defendants, appellants.*

HEDRICK, Judge.

In this case there are no genuine issues of material fact regarding defendant Bill Day's counterclaim. The one question presented on this appeal is whether an unlicensed contractor within the meaning of G.S. § 87-1 may maintain a counterclaim arising out of a construction contract in the owner's action against the contractor and his wife to recover the balance due on a promissory note which does not relate to the construction contract between the owners and the contractor.

Citing *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968), *Helms v. Dawkins*, 32 N.C. App. 453, 232 S.E. 2d 710 (1977) and *Furniture Mart v. Burns*, 31 N.C. App. 626, 230 S.E. 2d 609 (1976) the defendants assert: "An unlicensed contractor can enforce his contract defensively as a set-off, even though it exceeds the statutory maximum, against any claims by the other party to that contract."

The cited cases, among other things, stand for the proposition that an unlicensed contractor may off-set a counterclaim arising out of a construction contract in an owner's claim based on the same contract, but, in our opinion, he may not maintain a counterclaim in defense of the owner's claim on a promissory note totally unrelated to the construction contract. To allow an unlicensed contractor to maintain such a counterclaim would violate the public policy manifest in G.S. § 87-1 and articulated in *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968). The facts established by the record in the present case present an absolute and insurmountable legal bar to the defendant Bill Day's counterclaim. Hence, summary judgment for the plaintiffs on defendant's counterclaim will be affirmed.

Our decision articulated above makes it unnecessary for us to discuss the defendant's other contentions regarding the counterclaim.

We note the defendants do not challenge, except in the context of the counterclaim, summary judgment for the plaintiffs on their claim to collect the balance due on the promissory note. The burden is on the appellants to show error in the judgment on plaintiffs' claim. This they have failed to do; therefore, summary judgment for the plaintiffs against the defendants in the amount of $17,779.84 will be affirmed.

Affirmed.

Judges WEBB and BECTON concur.