COITE P. BRADY, D/B/A BRADY BUILDING COMPANY v. EDWIN M. FULGHUM, JR. AND WIFE, PATRICIA M. FULGHUM

No. 8222SC434

(Filed 3 May 1983)

Contracts § 6.1— construction contract—unlicensed contractor—no substantial compliance with licensing statute

Plaintiff contractor did not substantially comply with the requirements of the general contractor's licensing statute, G.S. 87-1, and was barred from recovering either on the basic contract or for "extras" in construction requested by defendants where plaintiff was not licensed at the time he entered a contract to construct a residence for defendants for $106,850 or when he began construction on 13 March 1980, and the residence was two-thirds completed at the time he acquired his license on 22 October 1980.

Chief Judge VAUGHN dissenting.

APPEAL by plaintiff from Collier, Judge. Judgment entered 25 February 1982 in Superior Court, IREDELL County. Heard in the Court of Appeals 9 March 1983.

Plaintiff contractor instituted this action for monies due him under a contract for the construction of a residence for defendants. In their answer defendants alleged, among other things, that plaintiff was prohibited from recovering further on the contract since he was not a licensed contractor within the meaning of G.S.

87-1, *et seq.* From entry of summary judgment dismissing his complaint with prejudice, plaintiff appeals.

*Raymer, Lewis, Eisele & Patterson, by Douglas G. Eisele, for plaintiff-appellant.*

*Aimee A. Toth, for defendant-appellees.*

EAGLES, Judge.

Plaintiff's sole assignment of error on appeal is that the trial judge erred in entering summary judgment for the defendants. Summary judgment is properly entered in cases "where a claim or defense is utterly baseless in fact," and those "where only a question of law on the indisputable facts is in controversy and it can be appropriately decided without full exposure of trial." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E. 2d 823, 829 (1971).

The following facts, taken in the light most favorable to the plaintiff, are not disputed by the parties: During February 1980 the plaintiff and defendants entered into negotiations which culminated in a written contract for the construction of a residence for defendants at a total contract price of approximately $106,850.00. On or about 13 March 1980 plaintiff began construction of the residence. Plaintiff was not a licensed builder, as required by G.S. 87-1, *et seq.*, at the time of the negotiations or at the time construction was commenced on the residence. Plaintiff was awarded his builder's license on 22 October 1980. Plaintiff acknowledges that defendants' house was approximately two-thirds (⅔) completed at the time plaintiff obtained his license. Defendants have paid to the plaintiff the sum of $104,000. Plaintiff contends that an additional sum of $2,850 is due under the original contract and the sum of $28,926.41 is due for additional changes in construction requested by defendants.

Since there is no controversy as to the material facts in this action, the question before us is whether the trial judge properly granted summary judgment for defendants as a matter of law based upon plaintiff's non-compliance with G.S. 87-1, *et seq.* Plaintiff presents two arguments on appeal. First, he contends that the trial judge erred in granting the defendants' motion for summary judgment because plaintiff did in fact acquire his contractor's license before completion of construction. Second, he argues that

even if he is barred from recovering on the basic contract by virtue of his non-compliance with G.S. 87-1, *et seq.,* he is still entitled to recover the sum of $28,926.41 which represents the cost of "extras" in construction requested by defendants. We find no merit in either of plaintiff's arguments.

Plaintiff concedes that at the time he entered into negotiations with defendants and began construction on their residence he was not a licensed contractor. The statutory language of G.S. 87-1, in effect at that time, defined a general contractor as:

> [O]ne who for a fixed price, commission, fee or wage, undertakes to bid upon or to construct any building . . . where the cost of the undertaking is thirty thousand dollars ($30,000) or more and anyone who shall bid upon or engage in constructing any undertakings or improvements above mentioned in the State of North Carolina costing thirty thousand dollars ($30,000) or more shall be deemed and held to have engaged in the business of general contracting in the State of North Carolina.

A general contractor *must* be licensed pursuant to G.S. 87-10 which provided, in pertinent part, at the time of this action as follows:

> Anyone hereafter desiring to be licensed as a general contractor in this State shall make and file with the Board . . . a written application . . . the holder of a limited license shall be entitled to engage in the practice of general contracting in North Carolina but the holder shall not be entitled to engage therein with respect to any single project of a value in excess of one hundred twenty-five thousand dollars ($125,000) . . . .

Our courts' decisions consistently follow the rule that one who violates the licensing requirements for general contractors may not recover on the contract nor may he recover under theories of *quantum meruit* or unjust enrichment. *Builders Supply v. Midyette,* 274 N.C. 264, 162 S.E. 2d 507 (1968); *Sand and Stone, Inc. v. King,* 49 N.C. App. 168, 270 S.E. 2d 580 (1980); *Helms v. Dawkins,* 32 N.C. App. 453, 232 S.E. 2d 710 (1977). This policy, although a stringent one, has been considered imperative in light of the statutory purpose of G.S. 87-1 to "protect the public from incompetent builders" by "deterring unlicensed per-

sons from engaging in the construction business." *Builders Supply v. Midyette,* 274 N.C. 264, 270-73, 162 S.E. 2d 507, 511-13 (1968).

While plaintiff admits that he had no contractor's license upon entering the contract with defendants, he argues that he substantially complied with the statutory licensing requirements when he obtained his license during the course of the construction and therefore avoided any statutory sanctions, citing *Holland v. Walden,* 11 N.C. App. 281, 181 S.E. 2d 197, *cert. denied,* 279 N.C. 349, 182 S.E. 2d 581 (1971). We find defendants' reliance upon *Holland* to be misplaced. In that case the court found the contractor had substantially complied with the licensing requirements when she obtained her license to engage in general contracting only two months after she commenced construction of a twenty-one month work project. There the contractor had held a valid license for eighteen and one-half months out of a total of approximately twenty-one months of on-site work. The court found that under these circumstances, there was no contravention of the purposes of Article 1 of Chapter 87, *i.e.,* protecting the public from incompetent builders. In the case *sub judice* by the time the plaintiff acquired his contractor's license, the defendants' residence was substantially completed. As opposed to the situation in *Holland* where the contractor was licensed for 88 percent of the construction and during the major work on the building, plaintiff here was not licensed during at least 66 percent of the construction, which comprised the major portion of work. We find that under the facts of this case plaintiff has not substantially complied with the licensing requirements of G.S. 87-1, *et seq.*

We find no merit in plaintiff's argument that he should be paid for the "extras" requested by defendants as separate contracts. As categorized by plaintiff in his own complaint, these "extras" represented merely "additions to or changes in the contract not contemplated by its original terms." If plaintiff is barred from recovering on the basic contract because of his non-compliance with the licensing statute, then he is also prohibited from recovering any payment for the additional expenditures. *See, Sand and Stone, Inc. v. King,* 49 N.C. App. 168, 270 S.E. 2d 580 (1980).

For the reasons stated above, we affirm the entry of summary judgment for the defendants.

Affirmed.

Judge WEBB concurs.

Chief Judge VAUGHN dissents.

Chief Judge VAUGHN dissenting.

I would hold, as we did in *Barrett, Robert & Woods, Inc. v. Armi,* 59 N.C. App. 134, 296 S.E. 2d 10, *review denied,* 307 N.C. 269, 299 S.E. 2d 214 (1982), that the protective policy of the statute was realized by plaintiff's substantial compliance with the licensing provision.