JAMES L. SARTIN, JR., D/B/A UNITED CONSTRUCTION v. DEWEY G. CARTER AND GAIL M. CARTER

DEWEY G. CARTER AND WIFE, GAIL M. CARTER v. JAMES L. SARTIN, JR., D/B/A UNITED CONSTRUCTION, UNITED CONSTRUCTION COMPANY, AND BERWICK DEVELOPMENT CORPORATION

No. 8415SC1277

(Filed 6 August 1985)

**1. Contracts § 6.1— general contractor—license expired—no further recovery**

   A general contractor was not entitled to recover any further amounts for work performed in constructing a residence for defendants, and summary judgment was properly entered for defendants, where defendants' forecast of evidence showed that plaintiff was licensed when he began construction on 10 October 1978, that his license expired on 31 December 1978, that he was not licensed at any time thereafter while performing under either the original contract or a settlement agreement, and that he was fully paid for work performed between 10 October and 31 December 1978, and where plaintiff contractor made no forecast of evidence to the contrary. G.S. 87-10.

**2. Compromise and Settlement § 1.1; Contracts § 6.1— contractor's work after license expired—settlement agreement invalid**

   A settlement agreement for illegal work performed by a general contractor while his license was expired was invalid as being contrary to public policy and could not be the basis of recovery by the contractor. G.S. 87-13.

**3. Contracts § 6.1— unlicensed contractor—no affirmative recovery—setoff to sums due owners**

   Although an unlicensed general contractor had no right affirmatively to recover under his agreements with the owners, he could offset, as a defense against sums due the owners, any amounts that would otherwise be due him under their agreements so as to reduce in whole or in part their claims against him.

APPEAL by James L. Sartin, Jr., d/b/a United Construction, from *McLelland, Judge.* Judgment entered 18 July 1984 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 6 June 1985.

James L. Sartin, Jr., d/b/a United Construction, seeks in these two actions to recover from Dewey and Gail Carter monies allegedly due because of his construction of improvements on land owned by the Carters. On or about 30 August 1978, the Carters purchased a tract of land from Berwick Development Corporation, the president of which was James L. Sartin, Jr. Sartin, individual-

ly, was also engaged in business as a building contractor. The Carters at the same time entered into a written contract with Sartin, d/b/a United Construction, for construction of a residence on the property for the sum of $112,000.00. Sartin began construction of the residence on 10 October 1978. During the course of construction, disputes arose over certain changes requested by the Carters and delays in construction, for which each of the parties blame the other. In February 1980 Sartin stopped work on the dwelling because plaintiffs refused to authorize payment of his draw requests.

In July 1980, the Carters instituted civil action No. 80CVS-1013 seeking to recover damages arising from Sartin's alleged breach of the contract. Sartin answered and counterclaimed seeking to recover for labor and materials furnished to the project, plus loss of anticipated profits, or, in the alternative, to be allowed to complete the project and recover compensation due him under the contract. In August 1980, Sartin instituted civil action No. 80CVS1135 seeking to recover the balance of funds due him on construction draws for work completed under the contract and to have the judgment declared a lien on the property.

On 20 January 1981, the parties entered into an "Agreement and Mutual Release" in settlement of their dispute wherein they agreed that Sartin would complete construction of the improvements for the total contract price of $127,268.28. The parties further agreed that upon completion of the conditions set forth in the agreement, they would grant to each other mutual releases and voluntarily dismiss with prejudice the actions pending between them, in consummation of the settlement agreement. Apparently Sartin completed construction of the residence in May 1981, but the Carters declined to authorize payment to him of the full amount to which he claimed he was entitled under the "Agreement and Mutual Release."

Further pleadings were filed in the actions pending between the parties in which the Carters alleged that Sartin was barred from any recovery because he was a general contractor subject to the licensing requirements of this state and was not properly licensed as such at times material to the actions, that Sartin had been paid $102,069.98 pursuant to the original contract and the settlement agreement, that such amount was in excess of that to

which Sartin was entitled, and that therefore they were entitled to recover from Sartin the amount of such overpayment as well as other damages. Sartin filed responsive pleadings in which he admitted that he was a general contractor subject to the statutory licensing requirements and asserted that he was licensed when the original contract was entered. He further alleged that the Carters had waived their right to certain damages sought by them by entering into the settlement agreement; that pursuant to the settlement agreement, the Carters had accepted his undertaking to complete the improvements as an accord and in full satisfaction and discharge of their claims; that the Carters had breached the settlement agreement; and that he was entitled to recover the relief he had previously requested as well as damages resulting from the Carters' breach of the settlement agreement.

The Carters filed a motion for summary judgment on the claims and counterclaims asserted by Sartin in the two actions, along with supporting documents and affidavits. The affidavit of H. M. McCown, custodian of the records of the North Carolina Licensing Board for General Contractors, showed that in August 1978 when the original contract between the parties was entered, Sartin was licensed as a general contractor limited to single projects with a value not in excess of $125,000.00 in accordance with G.S. 87-1, *et seq.* It further showed that Sartin's license was not renewed for the year 1979, was renewed in March 1980 for the remainder of the year 1980, and was renewed on 18 May 1981 for the remainder of the year 1981.

By order entered 18 July 1984, the trial court granted the motion and entered summary judgment for the Carters on the claims and counterclaims asserted by Sartin. Sartin appealed.

*Holt, Spencer, Longest & Wall, by Frank A. Longest, Jr., for appellant James L. Sartin, Jr.*

*Nichols, Caffrey, Hill, Evans & Murrelle by Lindsay R. Davis, Jr. and Martha T. Peddrick, for appellees Dewey G. Carter and Gail M. Carter.*

MARTIN, Judge.

The question presented by this appeal is whether the trial court erred in granting the Carters' motion for summary judg-

ment, dismissing Sartin's claims in No. 80CVS1135 and his counterclaims in No. 80CVS1013. We hold that it did not. G.S. 1A-1, Rule 56(c) permits the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

[1] Sartin first contends that the entry of summary judgment for the Carters was error because a genuine issue of fact exists with respect to the amount which he is entitled to recover for work performed while he was duly licensed. He argues that, unlike the unlicensed contractor in *Brady v. Fulghum*, 309 N.C. 580, 308 S.E. 2d 327 (1983) who was found to have no right to recover under the construction contract entered by him, he is entitled to recover some amount under the contract because he was licensed when the contract was entered.

In *Brady*, the Supreme Court adopted the rule that a contract illegally entered into by an unlicensed general construction contractor is unenforceable by the contractor and cannot be validated by the contractor's subsequent procurement of a license. *Id.* at 586, 308 S.E. 2d at 331. The court also addressed a contractor's right to recover in a situation such as the present one, stating as follows:

> [I]f a licensed contractor's license expires, for whatever reason, during construction, he may recover for only the work performed while he was duly licensed. If, in that situation, the contractor renews his license during construction, he may recover for work performed before expiration and after renewal. If, by virtue of these rules, harsh results fall upon unlicensed contractors who violate our statutes [G.S. 87-1, *et seq.*], the contractors themselves bear both the responsibility and the blame.

*Brady*, 309 N.C. at 586, 308 S.E. 2d at 332.

The materials submitted by the Carters in support of their motion affirmatively show that Sartin was licensed when he began construction on 10 October 1978, that his license expired on 31 December 1978 pursuant to G.S. 87-10, that he was not licensed at any time thereafter while performing under either the original

contract or the settlement agreement, and that he was fully paid for the work performed between 10 October 1978 and 31 December 1978. The record contains no forecast of evidence by Sartin to the contrary. It appears from these undisputed facts that Sartin has been paid for all work performed while he was licensed. Thus, as a matter of law, he is not entitled to recover any further amounts for work performed in constructing the improvements for the Carters. *See Brady, supra.* For this reason, we find Sartin's argument meritless.

[2]   Sartin next contends that the Carters were not entitled to summary judgment on his claims because a genuine issue of fact exists concerning his right to recover under the "Agreement and Mutual Release" executed by the parties. He argues that this agreement is a compromise and settlement agreement and therefore operates as a merger of the antecedent claims included therein, and that the Carters, by signing the settlement agreement and accepting its benefits waived all other claims and defenses they may have had against him including the defense of his failure to comply with the licensing requirements.

Although the law favors the resolution of disputes through compromise and settlement, *see Dixie Lines v. Grannick,* 238 N.C. 552, 78 S.E. 2d 410 (1953), it is the policy of the law to uphold and enforce compromise and settlement agreements only if they are fairly made and are not in contravention of some law or public policy. *See* 15A Am. Jur. 2d *Compromise and Settlement* Sec. 5, at 777 (1976). If a settlement agreement is based on an antecedent claim or transaction which is undisputedly illegal or contrary to public policy, the agreement is considered invalid on the ground of illegality as well as a lack of consideration. 15A Am. Jur. 2d *Compromise and Settlement* Sec. 28, at 800 (1976). Commonly, such agreements are said to be contrary to public policy instead of, or in addition to, being called illegal. *Id.* at note 53. Courts generally will not permit the law or any judicial machinery to be used in assisting the enforcement of such an agreement, nor will it permit a party to maintain an action founded on the agreement. 15A Am. Jur. 2d *Compromise and Settlement* Sec. 28, at 801. The usual effect of invalidation of a settlement agreement is to restore the parties to their antecedent positions. *Id.* at Sec. 40.

G.S. 87-13 makes it a misdemeanor for one to practice or attempt to practice general contracting in this state while not licensed in accordance with G.S. 87-1, *et seq.*, or while using an expired license. The work performed by Sartin for the Carters for which he seeks recovery was performed while his license was expired and thus was performed illegally. Accordingly, it would be contrary to public policy to allow him to recover for such work. *See Brady v. Fulghum, supra.* Since Sartin's claims are based on illegal conduct and thus are contrary to public policy, the settlement agreement entered into by the parties based on those claims is invalid. Thus, Sartin cannot recover under that agreement.

[3] We conclude as a matter of law that Sartin has no right to recover any additional monies from the Carters for work performed by him, under the original contract or the "Agreement and Mutual Release," in constructing the residence. Therefore, the trial court correctly entered summary judgment for the Carters on Sartin's claims and counterclaims. We note, however, that although Sartin has no right to affirmatively recover on his claims and counterclaims, he may offset, as a defense against sums due the Carters, any amounts that would otherwise be due him under their agreements so as to reduce in whole or in part their claims against him. *See Builders Supply v. Midyette,* 274 N.C. 264, 162 S.E. 2d 507 (1968); *Helms v. Dawkins,* 32 N.C. App. 453, 232 S.E. 2d 710 (1977), *overruled on other grounds,* 311 N.C. 717, 319 S.E. 2d 607 (1984).

Affirmed.

Judges ARNOLD and PARKER concur.