**301 EAST SEVENTH STREET LIMITED PARTNERSHIP,** Plaintiff/Appellee,

v.

**The GELLMAN CORPORATION,** Defendant/Appellant.

No. C–C–90–259–P.

United States District Court, W.D. North Carolina.

March 8, 1991.

A. Stuart McKaig, III, McKaig & Keith, P.A., Albert F. Durham, J. Craig Whitley, Durham & Whitley, Charlotte, N.C., for plaintiff, appellee.

Mark W. Merritt, Garland S. Cassada, Robinson, Bradshaw & Hinson, P.A., J. Mitchell Aberman, Barbara J. Hellenschmidt, James McElroy & Diehl, Charlotte, N.C., for defendant, appellant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on an appeal filed by Defendant/Appellant Gellman Corporation (hereinafter "Defendant") from the Bankruptcy Court's Order of July 24, 1990 granting Plaintiff/Appellee 301 East Seventh Street's (hereinafter "Plaintiff") motion for partial summary judgment. On December 26, 1990, Defendant filed a brief in support of its appeal. Plaintiff responded on January 14, 1991 with its brief. On January 28, 1991, Defendant filed a reply brief.

The Court has conducted a de novo review of the Bankruptcy Court's Order. In particular, the Court has reviewed the entire record including the transcript from the hearing conducted by the Bankruptcy Court. Moreover, the Court has carefully considered the briefs filed by the parties, and the Court has reviewed the applicable law.

The record in this matter indicates that Defendant acted as a general contractor for renovations to property owned by Plaintiff. When Defendant failed to get paid for services rendered, it filed a lawsuit on December 17, 1987 in the Superior Court of Mecklenburg County, North Carolina to enforce its lien against Plaintiff in the amount of $75,829.62. On October 26, 1988, Plaintiff filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code in the Northern District of Georgia. Thereafter, venue was transferred to the Western District of North Carolina on January 25, 1989.

Plaintiff filed on January 19, 1990 a motion for partial summary judgment in the above captioned adversary proceeding. In its motion, Plaintiff argued that Defendant's contractor's license expired on December 31, 1986 and was not renewed in violation of N.C.Gen.Stat. Chapter 87, Art. 1 *et. seq..* Therefore, Plaintiff contended that it was not liable for those expenses incurred by Defendant after December 31, 1986. *See Brady v. Fulghum,* 309 N.C. 580, 308 S.E.2d 327, 332 (1983) (holding that if a licensed contractor's license expires, for whatever reason, during construction, he may recover for only the work performed while he was duly licensed).

In response to the motion, Defendant asserted that N.C.Gen.Stat. § 87–10 provides a sixty (60) day grace period after the license expires. That statute provides in pertinent part:

... [C]ertificate of license shall expire on the thirty-first day of December following the issuance or renewal and shall

become invalid 60 days from that date unless renewed, subject to the approval of the Board....

Although the license expired on December 31, 1986, Defendant contended that the license remained valid until March 1, 1987.

In reviewing the statute, the Bankruptcy Court concluded that the sixty (60) day period only applies if the license is renewed or a reexamination is conducted. Because neither of these contingencies occurred, the Bankruptcy Court granted Plaintiff's motion for partial summary judgment.

The Court agrees with the Bankruptcy Court's conclusion. The portion of the statute cited by Defendant is located within a discussion of the procedures to be utilized if a contractor fails an initial examination or renews his license past the thirty-first day of December. At least one North Carolina court has held that a license expires on the thirty-first day of December and that a contractor is not entitled to any recovery for services performed following the expiration of the license. *See Sartin v. Carter,* 76 N.C.App. 278, 332 S.E.2d 521 (1985). Because Defendant likewise failed to renew its license, it is not entitled to recover for services performed after December 31, 1986. Accordingly, the Court will not reverse the Bankruptcy Court's Order.

■ As an alternative position, Defendant argues that it should be permitted to offset any sums owed to Plaintiff by the amount equal to those services performed as an unlicensed contractor. The Court believes that such a remedy would run afoul of the clear statutory purpose to penalize contractors that fail to comply with the applicable licensing procedures. As the North Carolina Supreme Court has stated, "[I]f, by virtue of these rules, harsh results fall upon unlicensed contractors who violate our statutes, the contractors themselves bear both the responsibility and the blame". *See Brady,* 308 S.E.2d at 332. Accordingly, the Court will not as Defendant suggests remand this matter to the Bankruptcy Court to determine an offset amount.

NOW, THEREFORE, IT IS ORDERED that the Bankruptcy Court's Order of July 24, 1990 granting Plaintiff's motion for partial summary judgment be, and hereby is, AFFIRMED IN ITS ENTIRETY. This Appeal is hereby DISMISSED.