JAMES ROY HALL, T/D/B/A ROY HALL CONSTRUCTION COMPANY v. MAX W. SIMMONS AND WIFE, CANDICE L. SIMMONS

No. 386PA89

(Filed 5 September 1991)

**Contractors § 14 (NCI4th) — license expiration during construction — recovery for labor and materials before invalidation**

A contractor whose license expires during construction is "duly licensed" for purposes of recovering for materials purchased and work performed so long as his license is "valid." The period of validity extends from initial licensing or renewal through the 60-day period following 31 December, and a contractor may recover for expenditures for labor and materials made within that period of validity. When a contractor fails to renew his license within the 60-day period, his license is thenceforth invalid, and he may not recover for any expenditures made during its invalidity. Therefore, the trial court properly permitted plaintiff contractor to recover for labor and materials furnished during the period between expiration of his license on 31 December and its invalidity sixty days later. N.C.G.S. § 87-10 (1989).

**Am Jur 2d, Building and Construction Contracts § 130.**

**Failure of building and construction artisan or contractor to procure business or occupational license as affecting enforceability of contract or right of recovery for work done — modern cases. 44 ALR4th 271.**

ON defendants' petition for a writ of certiorari pursuant to Rule 21 to review judgment for plaintiff entered out of term on 18 January 1989 by *Ferrell, J.,* presiding at the 9 January 1989 session of Superior Court, CATAWBA County. Heard in the Supreme Court 14 March 1990.

**HALL v. SIMMONS**

[329 N.C. 779 (1991)]

*Rudisill & Brackett, P.A., by H. Kent Crowe and J. Richardson Rudisill, Jr., for plaintiff-appellee.*

*Patrick, Harper & Dixon, by Donald R. Fuller, Jr., and Ransdell, Ransdell & Cline, by J. Frank Huskins, for defendant-appellant.*

EXUM, Chief Justice.

The question before us is whether a contractor whose license expires during construction and is not renewed within the sixty days preceding invalidation pursuant to N.C.G.S. § 87-10[1] may recover the costs of materials and labor supplied during that period. We hold that he may.

In his complaint plaintiff alleged he had entered into an agreement with defendants on 24 June 1985 to provide labor and materials and to construct a residence for cost plus ten percent. Estimated cost was $74,000. Plaintiff alleged he had initiated construction 18 June 1985 and in every respect had complied with the terms of his agreement with defendants. An attached claim of lien stated in addition that plaintiff had last furnished labor and materials on 7 February 1986. Plaintiff alleged that over the early course of construction defendants had paid him $48,000. He sued for the balance of $56,371.23 allegedly owed.

Defendants moved to dismiss under Rule 12(b)(6), asserting *inter alia* that plaintiff had failed to state a claim upon which relief could be granted respecting labor, services, and material furnished after 31 December 1985 because plaintiff was not in the business of a general contractor after that date, his license having expired.

Defendants' answer and counterclaim alleged a breach of contract and consequential damages from plaintiff's failure to construct according to plans and in a workmanlike manner. Defendants alleged the Construction Agreement, which was attached, was a fixed price contract for $74,000 with changes and extras at cost plus ten percent. Plaintiff responded with a motion to dismiss the counterclaim.

The trial court denied the parties' motions to dismiss and denied defendants' motion for partial summary judgment, concluding

---

1. The pertinent portions of this statute are set out *infra* at p. 782.

that genuine issues of material fact remained as to plaintiff's right to recover for labor and materials furnished after 31 December 1985.

At trial plaintiff's evidence tended to show as follows:

Between June 1985 and February 1986 he expended $94,247.24 for labor, materials, and subcontractors' work. Plaintiff's contractor's license, which expired on 31 December 1985, was not renewed on that date or within sixty days thereafter. The North Carolina Licensing Board for General Contractors received plaintiff's application for license renewal on 14 April 1986 and renewed it.

At the close of plaintiff's evidence defendants' motion for a directed verdict on plaintiff's claims for labor and materials furnished after 31 December 1985 was denied. When renewed at the close of all the evidence, the motion was likewise denied.

The trial court also denied defendants' request for a jury issue as to what amount, if any, the contract price should be reduced because of costs attributed to labor and materials furnished after 31 December 1985. It denied as well a requested instruction that plaintiff could not recover for labor and materials furnished after that date.

Issues were submitted to and answered by the jury as follows:

1. Has the plaintiff, Roy Hall, fully performed his obligations arising out of the contract?

Answer: No.

2. Has the plaintiff, Roy Hall, substantially performed his obligations arising out of the contract?

Answer: Yes.

3. What amount is the plaintiff, Roy Hall[,] entitled to recover of the defendants for the amount arising out of the contract?

Answer: [$]103,671.96.

4. In what amount, if any, have the defendants, Simmons, been damaged by the failure, if any, of the plaintiff, Roy Hall, to fully perform his obligations arising out of the contract?

Answer: [$]3,000.00.

The trial court's judgment, after giving credit to defendants for $3,000 damages and for $48,000 already paid, was for plaintiff

in the amount of $52,671.96 plus interest from 7 February 1986 until paid. Defendants' motion for judgment notwithstanding the verdict and various other motions for relief from the judgment were all denied.

The Court of Appeals dismissed defendants' appeal on 18 August 1989 for failure to file the proposed record on appeal within 150 days of notice of appeal, as required by N.C. R. App. P. Rule 12(a) prior to amendment effective 1 July 1989.[2] This Court granted defendants' petition for writ of certiorari on 5 October 1989 to review the merits of the case.

The statute at issue, which governs the examination and licensing of contractors, provides that a contractor's

[c]ertificate of license shall expire on the thirty-first day of December following the issuance or renewal and shall become invalid 60 days from that date unless renewed, subject to the approval of the Board. Renewals may be effected any time during the month of January without reexamination, by the payment of a fee to the secretary of the Board . . . . Renewal applications received by the Board after January shall be accompanied by a late payment of ten dollars ($10.00) for each month or part after January. After a lapse of two years no renewal shall be effected and the applicant shall fulfill all requirements of a new applicant as set forth in this section.

N.C.G.S. § 87-10 (1989).

In *Brady v. Fulghum*, 309 N.C. 580, 308 S.E.2d 327 (1983), this Court construed the predecessor to this section, which was identical to the current statute except for this sentence: "Certificate of license shall expire on the thirty-first day of December following the issuance or renewal and shall become invalid *on that day* unless renewed, subject to the approval of the Board." N.C.G.S. § 87-10 (1981) (emphasis added). We recognized the legislative purpose of this statute "to guarantee 'skill, training and ability to accomplish such construction in a safe and workmanlike fashion,' " *Brady*, 309 N.C. at 584, 308 S.E.2d at 330 (quoting *Arnold Construc-*

---

2. The parties' individual proposed records on appeal were mutually unacceptable. These proposals and ensuing objections caused the delay and resulted in the parties' request that the trial court settle the record on appeal. An order settling the record was filed 14 August 1989.

*tion Company, Inc. v. Arizona Board of Regents*, 109 Ariz. 495, 498, 512 P.2d 1229, 1232 (1973)), and "to protect members of the general public without regard to the impact upon individual contractors." *Id.* (quoting *Urbatec v. Yuma County*, 614 F.2d 1216, 1218 (9th Cir.) (applying Arizona law), *cert. denied*, 449 U.S. 841, 66 L. Ed. 2d 49 (1980)). We accordingly adopted a "bright line" rule requiring strict compliance with the licensing provisions of N.C.G.S. §§ 87-1 through 87-114. *See Sample v. Morgan*, 311 N.C. 717, 723, 319 S.E.2d 607, 611 (1984). *Brady* stated that if a contractor's license expires during construction "he may recover for only the work performed while he was duly licensed. If, in that situation, the contractor renews his license during construction, he may recover for work performed before expiration and after renewal." *Brady v. Fulghum*, 309 N.C. at 586, 308 S.E.2d at 332.

Under *Brady* a contractor is *not* "duly licensed" after expiration (which under the provision then in effect coincided with the license's invalidity), but is again "duly licensed" after renewal. He is entitled to no recovery for labor and materials expended during the period between the two events.

In *Sample v. Morgan*, 311 N.C. 717, 319 S.E.2d 607, we followed the "bright line" rule of *Brady* in holding a contractor is entitled to recover only up to the amount authorized by his license classification. 311 N.C. at 722, 319 S.E.2d at 611. For materials and labor supplied in excess of that ceiling, the contractor is without legal remedy, for once he exceeds the allowable limit of his license, he is acting in violation of N.C.G.S. § 87-10. *Id.* at 723, 319 S.E.2d at 611. The Court of Appeals came to an analogous conclusion under the predecessor statute regarding facts very similar to those now before us. In *Sartin v. Carter and Carter v. Sartin*, 76 N.C. App. 278, 332 S.E.2d 521 (1985), that court held a contractor whose license was valid when construction was initiated on 10 October 1978 but lapsed on 31 December 1978 when he failed to renew it was entitled only to those amounts paid him between those two dates: "for all work performed while he was licensed." 76 N.C. App. at 282, 332 S.E.2d at 524.

Since *Brady* and *Sartin*, the legislature amended N.C.G.S. § 87-10 by session laws stating simply: "The third sentence of the last paragraph of G.S. 87-10 is amended by deleting the words 'shall become invalid on that day' and substituting 'shall become invalid 60 days from that date.'" 1985 N.C. Sess. Laws ch. 630,

§ 3. The amendment effected a significant change from a provision that a contractor's license would expire *and* become invalid on the same day — "on the thirty first day of December . . . unless renewed" — to one inserting a sixty-day period between expiration on that date and invalidation. *Compare* N.C.G.S. § 87-10 (1981) *with* N.C.G.S. § 87-10 (1989).

The question posed by the application of the amended statute to the facts before us is the effect of that sixty-day period on the rule stated in *Brady* and applied in *Sartin* otherwise barring a contractor whose license has expired from recovering for expenditures made after expiration and before renewal.

The rules of statutory construction require presumptions that the legislature inserted every part of a provision for a purpose and that no part is redundant. *State v. Williams*, 286 N.C. 422, 432, 212 S.E.2d 113, 120 (1975). "[S]ignificance and effect should, if possible, . . . be accorded every part of the act, including every section, paragraph, sentence or clause, phrase, and word." *Id.* Expiration and invalidity were synonymous under the predecessor statute as construed by *Brady* because, under that statute, they were simultaneous. As amended, however, the words have different meaning and different effect.

Read in its entirety, N.C.G.S. § 87-10 appears to permit renewal of an expired, but not yet invalid, license without penalty in January and with a $10 penalty fee in February. Thereafter the license is invalid but may be renewed *and* validated by the payment of $10 per month for every month of expiration after January, up to two years. After two years, the license is unrenewable, and the contractor must seek a license as a new applicant. The revised statute makes a purposeful distinction between a contractor whose license has expired and one whose license is invalid. The former is a statutory consequence: all contractors' licenses expire on 31 December of each year. The latter is a consequence of contractor inaction: if no attempt to renew is made within sixty days of expiration, the license is invalid, without legal effect. Given this deliberate distinction between expiration and invalidation, it is apparent that the legislature wished to allow a window of time beyond the expiration date of 31 December in which a contractor in the midst of construction could hold, renew, and retain a legally efficacious license with no legally recognizable hiatus in his status as "licensed contractor."

**HALL v. SIMMONS**

[329 N.C. 779 (1991)]

We hold, therefore, that a contractor whose license expires during construction is "duly licensed" for purposes of recovering for materials purchased and work performed so long as his license is "valid." The period of validity extends from initial licensing or renewal *through* the sixty-day period following 31 December. *See* N.C.G.S. § 87-10 (1989). A contractor may recover for expenditures for labor and materials made within that period of validity. When a contractor fails to renew his license within the sixty-day period, however, his license is thenceforth invalid, and he may not recover for any expenditures made during its invalidity. Under such circumstances, the *Brady* rule still applies with the following modification: if a contractor's license has expired *and* become invalid, he may not recover for any expenditures made after the sixty-day "window" of validity until he renews (and in so doing revalidates) his license.

The trial court did not err in permitting plaintiff to recover for labor and material furnished during the period between expiration of his license and its invalidity sixty days later.

No error.